## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| BRANDE LEE SAMUELS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 17-CV-0397-CVE-FHM |
|  | ) |  |
| ROBERT NIGH; RYAN McDONALD; | ) |  |
| STEVE KUNZWEILER; | ) |  |
| ISAAC SHIELDS; | ) |  |
| STUART SOUTHERLAND, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

On July 7, 2017, Plaintiff, a prisoner in custody at the Tulsa County Jail and appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). By Order filed July 12, 2017 (Dkt. # 7), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee of $8.10 on or before August 11, 2017. The Court also denied Plaintiff's motions for class action certification and for appointment of counsel and directed Plaintiff to file an amended complaint. Id.

On July 27, 2017, Plaintiff filed an amended complaint (Dkt. # 13). To date, Plaintiff has failed to pay the initial partial filing fee. However, on August 15, 2017, Plaintiff filed a response (Dkt. # 14) regarding his failure to pay the initial partial filing fee, explaining that he has "other obligations" and needs additional time to make the payment.

For the reasons discussed below, the amended complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice. Even though the amended complaint is dismissed, Plaintiff remains obligated to pay the full $350 filing fee in monthly installments when he has sufficient funds.

**A. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.     Causes of action raised in the amended complaint**

The Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff describes the nature of the case as follows:

> Tulsa County Public Defender's Office court appointed counsel fails to provide effective assistance of counsel to the indigent appointed and State fails to provide adequate remedy to address issue. Tulsa County District Attorneys Office fails to comply with ABA Standards violating the constitutional rights of indigent defendants through prosecutorial misconduct and other unethical methods.

(Dkt. # 13 at 3). Plaintiff identifies four (4) grounds for relief as follows:

Count I:     The indigent defendant was denied right to a fair an[d] impartial trial process. Indigent defendant was denied constitutional protections under the provisions of law in accordance with the 5th, 6th, and 14th Amendments.

Count II:    Indigent defendant was denied the right to effective assistance of counsel when appointed counsel failed to provide Plaintiff with copies of discovery denying the defendant the right to participate and to be informed of the nature and cause of the accusations against me. In violation of the Sixth

3

|  | Amendment, due process and equal protection of the law in accordance with the Fourteenth Amendment. |
| --- | --- |
| Count III: | Indigent defendant was denied the right to effective assistance of counsel when appointed counsel fails to file and argue proper motions and challenge involuntariness of confessions. |
| Count IV: | The Tulsa County District Attorney's by way of the Tulsa County District Court are systematically allowed to abrogate constitutional rights of the indigent in violation of the 5th, 6th, 14th Amendments. |

Id. at 3-6. Plaintiff provides additional factual allegations in support of his claims. Id. at 5, 6. Plaintiff names five (5) defendants: Robert Nigh, Ryan McDonald, and Stuart Southerland, attorneys with the Tulsa County Public Defender's Office; and Steve Kunzweiler and Isaac Shields, attorneys with the Tulsa County District Attorney's Office. Id. at 1-2. In his request for relief, Plaintiff asks for "compensatory relief – $25,000, punitive relief – $125,000, Injuctions [sic] – as this Honorable Court sees in the interest of justice to correct the constitutional violations." Id. at 4.

**1. Public defenders do not act under color of state law**

Plaintiff identifies Defendant McDonald as the public defender appointed to represent him and Defendant Southerland as the "Tulsa County Public Defender over the Public Defender's Office." See Dkt. # 13 at 2. In the caption of the amended complaint, Plaintiff also identifies Robert Nigh, of the Tulsa County Public Defenders Office, as a defendant. Id. at 1.

Section 1983 provides as follows:

Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

4

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983).

Therefore, any action taken by Defendants McDonald, Southerland, and Nigh is not state action for purposes of 42 U.S.C. § 1983. As a result, Plaintiff's claims against those Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Prosecutors entitled to prosecutorial immunity**

Plaintiff also sues Steve Kunzweiler, Tulsa County District Attorney, and Isaac Shields, Tulsa County Assistant District Attorney, because they are prosecuting Plaintiff's criminal action. A state prosecutor is entitled to absolute immunity from suit for civil damages when such suit is based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). A prosecutor's decisions made during the course of a prosecution

relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Plaintiff's claims against Defendants Kunzweiler and Shields are based on actions taken during Plaintiff's prosecution and are, therefore, barred by absolute prosecutorial immunity. Plaintiff's request for monetary damages from Defendants Kunzweiler and Shields shall be dismissed from this action with prejudice. 28 U.S.C. § 1915A(b)(2).

**C. Plaintiff's remedies**

For the reasons cited above, a civil rights action does not provide a remedy for Plaintiff's claims of ineffective assistance of counsel and prosecutorial misconduct. If Plaintiff is convicted in his state criminal action, he must present any allegations of constitutional violations, including claims of ineffective assistance of counsel and prosecutorial misconduct, to the Oklahoma Court of Criminal Appeals on direct appeal. Plaintiff may also pursue relief under Oklahoma's Uniform Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080, et seq. Should Plaintiff fail to obtain relief in state court, he may then file a petition for writ of habeas corpus in federal district court raising constitutional claims exhausted in state court. See 28 U.S.C. § 2254.

**D. Second "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's second "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

6

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").[1]

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The amended complaint (Dkt. # 13) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. Plaintiff remains obligated to pay in monthly installments the full **$350** filing fee for this case.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's second "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered in this matter.

**DATED** this 7th day of September, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's first "prior occasion" resulted from the dismissal without prejudice of his amended complaint, filed in N.D. Okla. Case No. 16-CV-345-CVE-FHM, for failure to state a claim upon which relief may be granted.